IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE PERSON OF MARTIN THOMAS ANDERSON, CURRENTLY LOCATED AT THE NORTHERN REGIONAL JAIL, MOUNDSVILLE, WV 26041 | Case No. 5:24-MJ-11<br><br>**Filed Under Seal** |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Heather L. Kozik, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant authorizing the search of the person of Martin Thomas ANDERSON for DNA samples using the buccal swab technique. ANDERSON is currently in the custody of the U.S. Marshals Service at the Northern Regional Jail, located at 112 Northern Regional Correction Drive, Moundsville, WV 26041.

2. I am employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter "ATF"), United States Justice Department, Wheeling, West Virginia, Satellite Office. I have been so employed for over twenty-one years, investigating numerous matters of criminal violations, primarily violent crimes, and in particular investigations involving the illegal possession of firearms. I hold a Bachelor of Science degree in Mathematics, a Bachelor of Science degree in General Science Chemistry, a Master of Science degree in Forensic Science, and have received over 1,000 hours of law enforcement related training from the Federal Law Enforcement Training Center (FLETC) and the ATF National Academy. My ATF Special Agent training consisted of a 10-week Criminal Investigator School taught at the FLETC. This school covered general training into the investigative techniques of federal law enforcement. Upon

completion of this program, I then completed ATF Special Agent New Professional Training, which is a 12-week training program taught at the ATF National Academy. This training covered investigative techniques and procedures relating to alcohol, tobacco, firearms, explosives, and arson related offenses.

3. Your affiant knows from her experience and training that human cells, including those found in skin, hair, saliva, mucous, bone, blood, and other human tissues and excretions, contain DNA, a genetic building block. The DNA of every person makes up a biological signature that is virtually unique to its source. In other words, it is considered scientifically impossible for any two human beings (with the exception, perhaps, of identical twins) to have identical DNA. For this reason, modern DNA testing has yielded highly reliable results in confirming or disproving a given individual's historic presence at a given location or physical contact with a given place or object. By taking DNA-bearing tissue or secretions from a known subject or source, qualified technicians can compare those samples with DNA extracted from objects found at, or otherwise associated with, crime scenes and based on comparison, can determine with scientific certainty whether the DNA matches.

4. Through my training and experience, I also know that oral DNA swabs, commonly known as buccal swabs, are commonly used by law enforcement officers in order to obtain saliva samples from which DNA material can be extracted for comparison to other DNA profiles, and that conducting a buccal swab requires no medical training or experience but instead involves using sterile cotton swabs and lightly scraping those swabs on the inside of a person's mouth.

5. The statements in this affidavit are based on my personal knowledge, or on information provided to me by government investigators and officials, or contained in official government records that I have reviewed. This affidavit is intended to show merely that there is

probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6. On April 4, 2023, a federal grand jury sitting in Wheeling, West Virginia, returned an Indictment charging ANDERSON with one count of Unlawful Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8), and two counts of Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

7. As explained below, there is probable cause to believe that evidence of these crimes will be found on the person of ANDERSON through the taking of DNA (saliva/cells) samples from inside the cheeks of ANDERSON using the buccal swab technique.

## **PROBABLE CAUSE**

8. On January 20, 2023, the ATF Wheeling Satellite Office (WSO) was contacted by Marshall County Drug Task Force (MCDTF) Officer Keith McCallen regarding Martin Thomas ANDERSON (W/M, DOB XX/XX/1988). Task Force Officer (TFO) McCallen was requesting ATF assistance in the investigation of ANDERSON, a multi-convicted felon, who was allegedly in possession of a stolen SCCY pistol on January 19, 2023, in Moundsville, WV. The ATF WSO was provided with a copy of the MCDTF Report of Criminal Investigation. A summarized series of events contained in the report are as follows:

a. On January 19, 2023, ANDERSON's vehicle was observed by members of the MCDTF at a known drug residence in Moundsville, WV. ANDERSON's vehicle was later then observed leaving the residence, and surveillance was attempted, but ANDERSON's vehicle was quickly lost. A short period later, TFO McCallen observed the vehicle on 1st Street being driven by ANDERSON, with Shelby Emery (W/F, DOB XX/XX/1992) as the passenger. TFO McCallen

3

was familiar with ANDERSON and was aware ANDERSON did not have a valid driver's license. TFO McCallen attempted a traffic stop of the vehicle, however, ANDERSON fled from the scene at a high rate of speed, ultimately crashing the vehicle a short distance away. Both ANDERSON and Emery fled from the vehicle on foot.

  b. ANDERSON was apprehended a short distance away and, in his pocket, approximately 6.7 grams of suspected methamphetamine was located. It should be noted that as ANDERSON fled from the vehicle, he threw the red sweatshirt and ballcap he was wearing.

  c. As officers returned to the crashed vehicle, a black backpack and wallet were located on the ground outside the passenger side door. The wallet contained an insurance card with the name of Martin McNEIL (aka ANDERSON) on it and his social security card.

  d. On January 20, 2023, a search warrant was obtained and executed on the backpack. Inside the backpack, a stolen SCCY pistol, model CPX-2, 9mm, loaded with 5 rounds of ammunition was located. The backpack also contained approximately 56.3 grams of suspected methamphetamine, 23 grams of suspected marijuana, 3 digital scales, numerous packs of Ziploc baggies, and an address book which contained what appears to messages to ANDERSON from prior jail mates.

  e. ANDERSON is a prohibited person based upon numerous Colorado felony convictions, with the most recent being a 2012 felony conviction for possession of a weapon after being convicted of a felony. Additionally, ANDERSON was convicted in U.S. District Court for the Northern District of West Virginia in 2020 for Felon in Possession of a Firearm.

  9. SA Kozik is aware that ANDERSON has not had his right to possess a firearm restored by either the State of Colorado or the Federal government. SA Kozik is also aware of ANDERSON's prior federal felony conviction in the Northern District of West Virginia, as she was

the investigating ATF Agent in this case and had direct interaction with ANDERSON in both the prior case and this case.

10. On February 1, 2023, SA Kozik seized the SCCY pistol, model CPX-2, 9mm caliber, serial number 091228 from TFO McCallen, relative to the investigation of Martin Thomas ANDERSON (aka Martin McNEIL). Research was conducted on the SCCY pistol and it was determined that it does fit the definition of firearm and was not manufactured in the state of West Virginia.

11. This firearm was later sent, via FedEx, to the ATF Forensic Laboratory in Ammendale, Maryland, for forensic examination, to include DNA testing.

12. On February 8, 2024, SA Kozik was contacted, via telephone, by ATF Forensic Biologist Laurie Mann at the ATF Ammendale Forensic Laboratory. SA Kozik was advised that DNA had been obtained from the SCCY pistol seized from ANDERSON. Forensic Biologist Mann was requesting SA Kozik send in a known sample of the suspect's DNA for comparison purposes.

13. On February 8, 2024, SA Kozik was advised by Assistant United States Attorney (AUSA) Clayton J. Reid that ANDERSON, through his counsel, stated that he would consent to the collection of a DNA sample.

14. On February 9, 2024, SA Kozik was advised by AUSA Reid that ANDERSON, through his counsel, had withdrawn his consent to the collection of a DNA sample. Hence, the need for this search warrant.

## **CONCLUSION**

15. Based upon the facts state above, I submit that this affidavit supports probable cause for a search warrant authorizing the search of the person of ANDERSON for DNA (saliva/cells) samples, which can be obtained using the buccal swab technique, which material constitutes

evidence of his violations of the charged offenses. The DNA swabs will then be sent to the ATF Laboratory for comparison purposes.

Respectfully submitted,

_____
Heather L. Kozik
Special Agent
ATF

Subscribed and sworn to before me on this 15th day of February 2024.

_____
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE

6